UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RUSSELL ANDRE BRILEY** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 20-907** |
| **IGNATIUS BARRECA, JR. et al.** | **SECTION: "G"(2)** |

### ORDER AND REASONS

Pending before the Court is Defendant Josephine Broadwater's ("Broadwater") "Motion to Dismiss Pursuant to Rule 12(b)(6) and 12(b)(1)."[1] In this litigation, *pro se* Plaintiff Russell Andre Briley ("Plaintiff") alleges that Broadwater, Defendant Ignatius Barreca Jr. ("Barreca Jr."), and Defendant David Barreca Sr. ("Barreca Sr.") (collectively, "Defendants") engaged in a pattern of unlawful acts in violation of the Americans with Disabilities Act ("ADA"), Title VI, and Title VII.[2] Having considered the motion, the memoranda in support and in opposition, and the applicable law, the Court will deny the motion and grant Plaintiff leave to amend the Complaint.

### I. Background

On March 16, 2020, Plaintiff, proceeding *pro se*, filed a Complaint against Defendants in the Eastern District of Louisiana.[3] Plaintiff alleges that Defendants "engaged in a pattern of unlawful acts" in violation of the ADA, Title VI, and Title VII.[4] The record in this case indicates that only Broadwater has been served as of the date of this Order.[5]

---

[1] Rec. Doc. 15.

[2] Rec. Doc. 1 at 2.

[3] *Id*.

[4] *Id*. at 2.

[5] Rec. Doc. 10.

1

According to the Complaint, Plaintiff moved into a residential property located in New Orleans, Louisiana, with his then-partner Mary Frankenberg ("Frankenberg"), five years prior to initiating this action.[6] Plaintiff alleges that Barreca Sr. was the property manager of the residence during his tenancy.[7] Plaintiff further alleges that he was evicted from the property on March 11, 2020, after Frankenberg "suffered a psychotic episode" on March 6, 2020.[8] Plaintiff asserts that Barreca Sr. threatened to "encourage Ms. Frankenberg to file rape, theft of funds and abuse charges" if Plaintiff "followed through" with the instant lawsuit.[9] Plaintiff also asserts that Barreca Sr. "had Ms. Frankenberg lock [Plaintiff] out of 2 joint checking accounts and disrupted [Plaintiff's] finances."[10] In addition, Plaintiff alleges that on March 14, 2020, Barreca Sr. "threatened to kill Plaintiff" over a contested payment of $299.[11]

The Complaint also sets forth various allegations related to rent payments owed to Defendants while Plaintiff and/or Frankenberg resided at the property managed by Barreca Sr.[12] First, Plaintiff alleges that Barreca Sr. "demand[ed] payment for non-existing overdue rent" in the amount of $1,682, even though Plaintiff claims that he had been paying rent for Frankenberg for the past five years.[13] Second, Plaintiff alleges that Barreca Sr. "told Ms. Frankenberg to start

---

[6] Rec. Doc. 1 at 3.

[7] *Id.*

[8] *Id.*

[9] *Id.* at 4.

[10] *Id.*

[11] *Id.* at 3.

[12] *Id.* at 2–3.

[13] *Id.* at 2.

paying her own utilities" despite Plaintiff's assertion that under the "housing program . . . UNITY of Greater New Orleans pays the utilities."[14]

Third, the allegations in the Complaint suggest that Defendants were, or presently are, engaged in a scheme to extort rent from Plaintiff and other tenants.[15] Specifically, Plaintiff claims that Barreca Sr. told Plaintiff to pay rent to Barreca Sr. instead of his brother, Barreca Jr.[16] Plaintiff asserts that he sent a rent check addressed to Barreca Sr. to Broadwater, who told Plaintiff that it should instead be issued to Barreca Jr.[17] Plaintiff alleges that despite telling Plaintiff that she would either return or destroy the rent check, "[Broadwater] [] neither destroy[ed] nor return[ed] [the rent payment], but forward [it] to [Barreca Jr.]."[18] Plaintiff asserts that after Barreca Jr. received the payment, Broadwater and Barreca Jr. told Plaintiff that the money would be applied to his next rent payment, but instead kept the money while "rent issues continue[d]."[19]

On August 26, 2020, Broadwater filed the instant motion to dismiss all claims asserted by Plaintiff pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).[20] Plaintiff filed a *pro se* opposition to the motion to dismiss on September 24, 2020.[21]

---

[14] *Id.* at 2.

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.* at 3.

[20] Rec. Doc. 15.

[21] Rec. Doc. 17.

## II. Parties' Arguments

### A.   *Broadwater's Arguments in Support of the Motion to Dismiss*

Broadwater first argues that Plaintiff has not alleged a violation of the ADA.[22] Broadwater contends that "Title II of the [ADA] focuses on disability discrimination in the provision of public services."[23] At the outset, Broadwater "does not admit that the ADA applies to her."[24] Nevertheless, Broadwater argues that Plaintiff "does not allege he has a disability for which he is a qualified individual under the ADA."[25] Additionally, Broadwater argues that Plaintiff "does not allege he has been discriminated against because of a disability."[26]

Second, Broadwater argues that Plaintiff fails to state a cause of action under Title VI.[27] Broadwater asserts that "[t]he Fair Housing Act (FHA), prohibits discrimination in the rental or sale of a dwelling based on certain protected characteristics," including discrimination based on "handicaps."[28] Broadwater contends that Plaintiff "does not allege he has a disability or that he was discriminated against because of a disability."[29]

Third, Broadwater argues that Plaintiff fails to state a cause of action under Title VII.[30] Broadwater states that "Title VII of the Civil Rights Act, as amended, prohibits an employer from

---

[22] Rec. Doc. 15-1 at 4.

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.* (emphasis omitted).

[27] *Id.*

[28] *Id.* at 4–5 (citing *Inclusive Comtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019); *City of Edmonds v. Oxford House, Inc.*, 514 U.S. 725, 728 n.1 (1995)) (internal quotations omitted).

[29] *Id.* at 5 (emphasis omitted).

[30] *Id.*

discriminating against an individual on the basis of race, color, sex, national origin, or religion with respect to hiring, discharge, compensation, promotion, classification, training, apprenticeship, referral for employment, or other terms, conditions, and privileges of employment."[31] Broadwater avers that the Complaint "does not allege [Plaintiff] was employed by Defendants, does not contain allegations regarding employment, does not allege a disability, and does not allege discrimination because of a disability."[32] For these reasons, Broadwater argues that Plaintiff's ADA, Title VI, and Title VII claims should all be dismissed with prejudice.[33]

Finally, Broadwater argues that Plaintiff has not stated a cause of action under Louisiana state law.[34] Therefore, Broadwater argues that "all state law claims against Ms. Broadwater should be dismissed with prejudice."[35] Broadwater also contends that "[the] Complaint does not establish subject matter jurisdiction for any claims under Louisiana state law" and Plaintiff's state law claims should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).[36]

### B.   *Plaintiff's Arguments in Opposition to Broadwater's Motion to Dismiss*

In opposition, *pro se* Plaintiff argues that Defendants "are engaged in a patter of unlawful acts through force, coercion and/or threats to tenants to pay [Defendants] for services that UNITY and other housing challenged organizations have pre-paid for the tenants, many of whom receive their personal funds from the U.S. government for disabilities."[37]

---

[31] *Id.* (citing *Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001)).

[32] *Id.*

[33] *Id.* at 4–5.

[34] *Id.* at 5.

[35] *Id.*

[36] *Id.* at 5–6.

[37] Rec. Doc. 17 at 1.

5

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[38] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[39] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[40] "Factual allegations must be enough to raise a right to relief above the speculative level."[41] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[42]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[43] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[44] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[45] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[46] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a

---

[38] Fed. R. Civ. P. 12(b)(6).

[39] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[40] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[41] *Twombly*, 550 U.S. at 556.

[42] *Id.* at 570.

[43] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[44] *Iqbal*, 556 U.S. at 677–78.

[45] *Id.* at 679.

[46] *Id.* at 678.

cause of action.[47] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[48] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[49] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[50]

Finally, pleadings and briefs of *pro se* litigants are interpreted liberally "to afford all reasonable inferences which can be drawn from them."[51]

### IV. Analysis

A. *Whether Plaintiff has stated an ADA claim*

Broadwater argues that Plaintiff has not alleged facts that would give rise to a claim under the ADA, as Plaintiff "does not allege he has a disability for which he is a qualified individual under the ADA."[52] Plaintiff does not contend in the Complaint or in opposition to the motion to dismiss that either he or Frankenberg suffers from a qualifying disability under the ADA.[53]

---

[47] *Id.*

[48] *Id.*

[49] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[50] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at *2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[51] *In re Tex. Pig Stands, Inc.*, 610 F.3d 937, 941 n.4 (5th Cir. 2010) (citing *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002)).

[52] *Id.*

[53] *See* Rec. Doc. 1; Rec. Doc. 17. Although Plaintiff does reference Frackenberg's "psychotic episode," this alone is insufficient to allege that Frackenberg suffered from a "disability" pursuant to the ADA. *See* 42 U.S.C. § 12102(1).

7

The ADA prohibits discrimination on the basis of disability in terms of employment,[54] the services of a public entity,[55] and public accommodation.[56] Here, Plaintiff does not allege that he was employed by, or seeking employment from, Defendants. As a result, Title I of the ADA does not apply. Title II of the ADA also does not appear to apply because Plaintiff does not allege that he was denied the benefits of services, programs, or activities for which a public entity is responsible, or was otherwise discriminated against by a public entity.[57]

To state a prima facie claim under Title III of the ADA, a plaintiff must show: (1) that he is "disabled" as defined by the ADA; (2) that the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) that the defendant discriminated against the plaintiff because of the plaintiff's disability.[58] Here, Broadwater denies that the ADA applies to her[59] and Plaintiff does not allege that Broadwater owns, leases, or operates a place of public accommodation.

---

[54] *See* 42 U.S.C. § 12112. Title I of the ADA specifically provides, "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." Per 42 U.S.C. § 12111, a "'covered entity' means an employer, employment agency, labor organization, or joint labor-management committee."

[55] *See* 42 U.S.C. § 12132. Title II of the ADA specifically provides, "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

[56] *See* 42 U.S.C. § 12182. Title III of the ADA specifically provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

[57] *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("A plaintiff states a claim for relief under Title II if he alleges: (1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability.").

[58] 42 U.S.C. § 12182(a).

[59] Rec. Doc. 15-1 at 4.

Moreover, even if Broadwater was engaged in providing public accommodation or services to Plaintiff, the ADA would not apply in the instant case. Although Plaintiff alleges that Frankenberg suffered from a single "psychotic episode" prior to Plaintiff's eviction,[60] Plaintiff does not allege that either he or Frankenberg has a "disability" as defined by the ADA, nor does he allege that he was discriminated against on the basis of such disability.[61] Thus, Plaintiff has not alleged any facts that give rise to an ADA claim.

**B.    *Whether Plaintiff has stated a Title VI claim***

Broadwater also argues that Plaintiff fails to state a cause of action under Title VI.[62] Broadwater contends that Plaintiff "does not allege he has a disability or that he was discriminated against because of a disability."[63] Plaintiff does not assert that he has a disability or protected characteristic pursuant to Title VI.[64]

Title VI of the Civil Rights Act of 1964 provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."[65] Because Plaintiff does not allege that he was excluded from participation in, or denied the benefits of, any program or activity receiving Federal financial assistance on the basis of race, color, or national origin, Plaintiff fails to state a Title VI claim.

---

[60] Rec. Doc. 1 at 4.

[61] *See* 42 U.S.C. § 12182(b)(1)(E) ("It shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association.").

[62] Rec. Doc. 15-1 at 4.

[63] *Id.* at 5 (emphasis omitted).

[64] *See* Rec. Doc. 1; Rec. Doc. 17.

[65] 42 U.S.C. § 2000d.

9

In the motion to dismiss, Broadwater erroneously invokes the Fair Housing Act when discussing Plaintiff's Title VI claim.[66] It is unclear if Plaintiff is attempting to bring a claim under the Fair Housing Act. The Fair Housing Act, Title VIII of the Civil Rights Act of 1968, prohibits discrimination in the rental or sale of a dwelling because of a handicap of that buyer or renter, or a person residing in or intending to reside in that dwelling.[67] The Fair Housing Act also prohibits discrimination in the rental or sale of a dwelling because of race, color, religion, sex, familial status, or national origin.[68] Plaintiff does not allege that he was discriminated against in the rental or sale of a dwelling because of a handicap of a buyer or renter, or a person residing in or intending to reside in that dwelling. Plaintiff also does not allege that he was discriminated against in the rental or sale of a dwelling because of race, color, religion, sex, familial status, or national origin. Therefore, Plaintiff fails to state a claim under the Fair Housing Act.

C. *Whether Plaintiff has stated a Title VII claim*

Finally, Broadwater argues that Plaintiff fails to state a cause of action under Title VII because the Complaint "does not allege [Plaintiff] was employed by Defendants, does not contain allegations regarding employment, does not allege a disability, and does not allege discrimination because of a disability."[69]

Title VII provides a remedy against employment discrimination on the basis of an employee's "race, color, religion, sex, or national origin."[70] Notably, "Title VII does not proscribe

---

[66] Rec. Doc. 15-1 at 4–5.

[67] 42 U.S.C. § 3604(f)(1).

[68] 42 U.S.C. § 3604(b).

[69] Rec. Doc. 15-1 at 5.

[70] *Jefferies v. Harris County Cmty. Action Ass'n*, 615 F.2d 1025, 1032 (5th Cir. 1980); *see also* 42 U.S.C. § 2000e-2(a).

10

discrimination on the basis of disability."[71] Accordingly, Broadwater's argument that Plaintiff fails to state a Title VII claim because he "does not allege discrimination because of a disability" is misplaced.[72] Nevertheless, the Court finds that Plaintiff does not state a claim under Title VII because Plaintiff does not allege that he was employed by Defendants or that he was discriminated against on the basis of his race, color, religion, sex or national origin.

D.     *Whether Plaintiff has stated a claim under state law*

Finally, Broadwater argues that Plaintiff has not stated a cause of action under Louisiana state law.[73] Therefore, Broadwater argues that "all state law claims against Ms. Broadwater should be dismissed with prejudice."[74] Broadwater also contends that "[the] Complaint does not establish subject matter jurisdiction for any claims under Louisiana state law" and Plaintiff's state law claims should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).[75]

It is unclear whether Plaintiff is attempting to bring a claim for breach of contract under state law. The elements of a breach of contract claim under Louisiana law are: (1) the obligor's obligation to perform, (2) the obligor's failure to perform, and (3) damages to the obligee resulting from the obligor's failure to perform.[76] In the Complaint, Plaintiff suggests that he entered into a residential lease agreement with Defendant, although his statement that he "paid Ms. Frankenberg's rent" may suggest that he was not a party to such lease.[77] Plaintiff also alleges that

---

[71] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (citing 42 U.S.C. § 2000e-2).

[72] Rec. Doc. 15-1 at 5.

[73] *Id*.

[74] *Id*.

[75] *Id*. at 5–6.

[76] *Favrot v. Favrot*, 68 So. 3d 1099, 1108–09 (La. App. 4 Cir. 2011), *writ denied*, 62 So. 3d 127 (2011) (internal citations omitted).

[77] Rec. Doc. 1 at 2.

Defendants are engaged in unlawful acts with respect to rent and/or utility payments.[78] However, Plaintiff has not pled that he has a contractual relationship with Defendants.

For the reasons discussed above, the Court finds that Plaintiff has not plead adequate facts to support his ADA, Title VI, and Title VII claims, along with any potential state law claims. Nevertheless, the Court recognizes that a motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[79] Short of granting a motion to dismiss, the Court may grant Plaintiff leave to amend the complaint.[80] Accordingly, considering Plaintiff's *pro se* status, the Court will deny the motion to dismiss and grant Plaintiff leave to amend the complaint to addresses the deficiencies noted herein, if possible.

Broadwater also argues that Plaintiff's state law claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).[81] Pursuant to 28 U.S.C. § 1367, if Plaintiff can state a claim under federal law, the Court would have supplemental jurisdiction over any state law claim. 28 U.S.C. § 1367(c)(3) specifically grants a district court the discretion to retain or decline supplemental jurisdiction once it has dismissed all claims over which it has original jurisdiction.[82] Therefore, the Court will defer decision on whether to exercise supplemental jurisdiction over any state law claims until after Plaintiff amends the Complaint.

Accordingly,

---

[78] *Id.* at 2–3.

[79] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[80] *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)).

[81] Rec. Doc. 15-1 at 5–6.

[82] 28 U.S.C. § 1367(c)(3).

**IT IS HEREBY ORDERED** that Defendant Josephine Broadwater's "Motion to Dismiss Pursuant to Rule 12(b)(6) and 12(b)(1)" [83] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff Russell Andre Briley is granted leave to amend the Complaint within fourteen days of this Order to cure the deficiencies noted, if possible. If upon amendment, Plaintiff fails to provide sufficient factual support for each element of each claim, upon motion by a party, the Court will revisit the issue.

**NEW ORLEANS, LOUISIANA**, this 26th day of October, 2020.

*[signature]*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT JUDGE**

---

[83] Rec. Doc. 15.