UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RUSSELL ANDRE BRILEY** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 20-907** |
| **IGNATIUS BARRECA, JR. et al.** | **SECTION: "G"(2)** |

## ORDER AND REASONS

Pending before the Court is Defendants Ignatius Barreca Jr., David Barreca Sr., and Josephine Broadwater's (collectively, "Defendants") "Motion to Dismiss Pursuant to Rule 12(b)(6) and 12(b)(1)."[1] The pending motion was filed on November 18, 2020, and set for submission on December 16, 2020.[2] Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date. Plaintiff Russell Briley ("Plaintiff") has not filed any opposition to the motion, timely or otherwise. This Court has authority to grant a motion as unopposed, although it is not required to do so.[3] Having considered the motion, the memorandum in support, the record, and the applicable law, the Court grants the motion.

## I. Background

On March 16, 2020, Plaintiff, proceeding *pro se*, filed a Complaint against Defendants in the Eastern District of Louisiana.[4] In the Complaint, Plaintiff alleges that Defendants "engaged in a pattern of unlawful acts" in violation of the Americans with Disabilities Act ("ADA"), Title VI,

---

[1] Rec. Doc. 20.

[2] *Id.*

[3] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[4] Rec. Doc. 1.

1

and Title VII.[5] Although the allegations in the Complaint are difficult to decipher, Plaintiff appears to set forth various assertions related to rent payments, threats supposedly made by Defendant David Barreca Sr. to Plaintiff and his then-girlfriend, and a scheme amongst Defendants to overcharge Plaintiff and other tenants for rent and utilities.[6]

Prior to filing the instant motion, Defendant Josephine Broadwater ("Broadwater") filed a first motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) on August 26, 2020.[7] On October 26, 2020, the Court issued an Order denying the first motion to dismiss without prejudice.[8] In the October 26, 2020 Order, the Court found that Plaintiff had not alleged adequate facts to support his ADA, Title VI, and Title VII claims, along with any potential state law claims.[9] However, considering Plaintiff's *pro se* status, the Court denied the motion to dismiss without prejudice and granted Plaintiff leave to amend the Complaint to address the deficiencies noted in the Order.[10]

On November 16, 2020, Plaintiff, again proceeding *pro se*, filed an Amended Complaint.[11] The Amended Complaint contains no factual allegations; rather, Plaintiff purports to include "banking and mailed-in copies of Defendants' actions."[12] Plaintiff also requests that the Court

---

[5] *Id.* at 2.

[6] *See* Rec. Doc. 1; *see also* Rec. Doc. 18 (summarizing the allegations set forth in the Complaint).

[7] Rec. Doc. 15.

[8] Rec. Doc. 18.

[9] *Id.* at 12.

[10] *Id.*

[11] Rec. Doc. 19.

[12] *Id.* at 1.

issue him an "emergency federal gun permit."[13] Finally, Plaintiff cites to certain federal statutes, 42 U.S.C. § 3601, 42 U.S.C. § 3603, and 7 C.F.R. § 1901.203, but provides no detail or context to explain how these statutes apply to this case.[14] In addition, Plaintiff attaches to the Amended Complaint various documentation including copies of cashier's checks and utility bills.[15]

On November 18, 2020, Defendants filed the instant "Motion to Dismiss Pursuant to Rule 12(b)(6) and 12(b)(1)."[16] The pending motion was set for submission on December 16, 2020.[17] Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date. Plaintiff has not filed any opposition to the motion, timely or otherwise.

## II. Parties' Arguments

In the instant motion, Defendants seeks dismissal of all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and Rule 12(b)(1) for lack of subject matter jurisdiction.[18] In the instant motion, Defendants adopt the arguments made in the August 26, 2020 motion to dismiss filed by Broadwater.[19] In the August 26, 2020 motion to dismiss, Broadwater argued that Plaintiff failed to state a cause of action under the ADA, Title VI, Title VII, and Louisiana state law.[20] Broadwater also argued that Plaintiff's state law claims should

---

[13] *Id.*

[14] *Id.* Plaintiff cites to "42 U.S.C. 3603.7(c)(3)" in the Amended Complaint. *Id.* However, it does not appear that this provision represents a valid statute.

[15] Rec. Doc. 19-1.

[16] Rec. Doc. 20.

[17] *Id.*

[18] Rec. Doc. 20.

[19] *Id.*

[20] *See generally* Rec. Doc. 15-1; *see also* Rec. Doc. 18 (summarizing Broadwater's arguments).

be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).[21] Plaintiff has not filed an opposition to the instant motion.

### III. Legal Standard

*A.  Legal Standard for a Motion to Dismiss under Rule 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[22] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[23] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[24] "Factual allegations must be enough to raise a right to relief above the speculative level."[25] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[26]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[27] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[28] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[29]

---

[21] Rec. Doc. 15-1 at 5–6; *see also* Rec. Doc. 18 (summarizing Broadwater's arguments).

[22] Fed. R. Civ. P. 12(b)(6).

[23] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[25] *Twombly*, 550 U.S. at 556.

[26] *Id.* at 570.

[27] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[28] *Iqbal*, 556 U.S. at 677–78.

[29] *Id.* at 679.

Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[30] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[31] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[32] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[33] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[34] Finally, pleadings and briefs of *pro se* litigants are interpreted liberally "to afford all reasonable inferences which can be drawn from them."[35]

B. *Legal Standard for Exercising Supplemental Jurisdiction*

If a court has original jurisdiction over a federal claim pursuant to 28 U.S.C. § 1331, the court also has supplemental jurisdiction over state law claims "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[36] Upon dismissal of the federal claim that served as the basis for original jurisdiction, the district court retains its statutory supplemental jurisdiction over any

---

[30] *Id.* at 678.

[31] *Id.*

[32] *Id.*

[33] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[34] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[35] *In re Tex. Pig Stands, Inc.*, 610 F.3d 937, 941 n.4 (5th Cir. 2010) (citing *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002)).

[36] 28 U.S.C. § 1367(a).

related state law claims.[37]

Yet the Court may choose whether or not to exercise supplemental jurisdiction.[38] "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."[39] The "general rule" in the Fifth Circuit is to decline to exercise jurisdiction over supplemental state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial—but that rule "is neither mandatory nor absolute."[40]

28 U.S.C. § 1367(c) enumerates the circumstances in which district courts may refuse to exercise supplemental jurisdiction:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[41]

The Court's decision to retain supplemental jurisdiction is guided by "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience,

---

[37] *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009).

[38] *Id.*

[39] *Id.* at 639 ("The district courts *may* decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

[40] *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citations omitted).

[41] 28 U.S.C. § 1367.

fairness, and comity."[42] "No single factor" in the supplemental jurisdiction analysis is dispositive.[43] Courts must review all of the factors under "the specific circumstances of a given case."[44]

## IV. Analysis

### A.     *Whether Plaintiff has Stated a Claim Against Defendants under Federal Law*

For the reasons set forth in the Court's October 26, 2020 Order, the Court finds that Plaintiff fails to state a claim against any of the defendants under the ADA, Title VI, and Title VII.[45] The Amended Complaint does not address any of the deficiencies noted in the Court's October 26, 2020 Order.[46] Rather, the Amended Complaint contains three distinct and incomprehensible assertions.

First, Plaintiff attaches various documentation including copies of cashier's checks and utility bills to the Amended Complaint.[47] Plaintiff provides no context for the documentation, and none of the documents presented provide factual support for the claims set forth in the Complaint.[48]

Second, Plaintiff requests that the Court issue Plaintiff an "emergency federal gun permit."[49] Federal firearms licenses are issued by the Bureau of Alcohol, Tobacco, Firearms and

---

[42] *Batiste*, 179 F.3d at 227; *Parker & Parsley Petroleum Co. v. Dresser Ind.*, 972 F.2d 580, 585 (5th Cir. 1992).

[43] *Parker*, 972 F.2d at 587.

[44] *Id.*

[45] *See* Rec. Doc. 18. The first motion to dismiss was filed by Broadwater only. However, the analysis applies with equal force to Plaintiff's claims against Defendants Ignatius Barreca Jr. and David Barreca Sr. Plaintiff does not allege any facts to support claims against any of the Defendants under the ADA, Title VI, or Title VII.

[46] *See* Rec. Doc. 19.

[47] Rec. Doc. 19-1.

[48] *See generally* Rec. Doc. 19; Rec. Doc. 19-1.

[49] Rec. Doc. 19 at 1.

Explosives ("ATF").[50] Pursuant to 18 U.S.C. § 923(f)(3), if the ATF denies or revokes an application, an individual can petition a United States District Court for *de novo* judicial review of such denial or revocation.[51] Plaintiff does not allege that he applied for a federal firearms license that was denied or revoked by the ATF.[52] Additionally, in this litigation, Plaintiff brings claims against individual defendants who appear to have no association with the ATF.[53] Therefore, Plaintiff has not stated a claim for judicial review of the denial or revocation of a federal firearms license.

Third, although Plaintiff cites three statutory provisions of the federal Fair Housing Act ("FHA") in the Amended Complaint, Plaintiff does not allege any facts to state a claim under the FHA.[54] The Fair Housing Act, Title VIII of the Civil Rights Act of 1968, prohibits discrimination in the rental or sale of a dwelling because of a handicap of that buyer or renter, or a person residing in or intending to reside in that dwelling.[55] The Fair Housing Act also prohibits discrimination in the rental or sale of a dwelling because of race, color, religion, sex, familial status, or national origin.[56]

Plaintiff does not allege that he was discriminated against in the rental or sale of a dwelling because of a handicap of a buyer or renter, or a person residing in or intending to reside in that

---

[50] *See* https://www.atf.gov/firearms/apply-license.

[51] 18 U.S.C. § 923(f)(3).

[52] Rec. Doc. 19 at 1.

[53] *Id.*; Rec. Doc. 1.

[54] *Id.*

[55] 42 U.S.C. § 3604(f)(1).

[56] 42 U.S.C. § 3604(b).

dwelling.[57] Plaintiff also does not allege that he was discriminated against in the rental or sale of a dwelling because of race, color, religion, sex, familial status, or national origin.[58] Therefore, the Court finds that Plaintiff fails to state a claim under the Fair Housing Act or any other federal law. Accordingly, the Court dismisses Plaintiff's claims against Defendants under the ADA, Title VI, Title VII, and the FHA with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

### B. Whether the Court Should Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims

Title 28, United States Code, Section 1367(c)(3) grants a district court the discretion to retain or decline supplemental jurisdiction once it has dismissed all claims over which it has original jurisdiction.[59] However, "[a]s a general rule, a federal court should decline to exercise jurisdiction over pendent state claims when all federal claims are disposed of prior to trial."[60] The Fifth Circuit has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."[61]

In this case, to the extent that Plaintiff alleges any claims under state law, the balance of factors weighs towards declining to exercise supplemental jurisdiction. First, judicial economy is

---

[57] *See* Rec. Doc. 1; Rec. Doc. 19.

[58] *See* Rec. Doc. 1; Rec. Doc. 19.

[59] 28 U.S.C. § 1367(c)(3).

[60] *Brim v. ExxonMobil Pipeline Co.*, 213 F. App'x 303, 305 (5th Cir. 2007) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). *See also Parker & Parsley*, 972 F.2d at 585 ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed") (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)).

[61] *Parker & Parsley*, 972 F.2d at 586 (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)) (internal quotations and citations omitted).

9

best served by declining to exercise jurisdiction, as this litigation was filed in this Court on March 16, 2020, and is still at a relatively early stage.[62] Second, the convenience factor weighs in favor of declining to exercise jurisdiction because the parties will not have to perform any redundant or particularly burdensome work in order to litigate in state court.[63] Third, federalism and comity concerns also point toward Plaintiff's state law claims being litigated in state court. The federal courts are courts of limited jurisdiction, and state courts often have superior familiarity with their jurisdictions' laws.[64] Finally, the fairness factor concerns the prejudice to the parties that would arise from litigating the matter in state court.[65] Here, the statute of limitations on Plaintiff's state law claims remains tolled while the case is pending in federal court and for 30 days following dismissal.[66] Additionally, neither party would have to repeat the "effort and expense of the discovery process," so this factor also weighs in favor of declining to exercise jurisdiction.[67] Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

## V. Conclusion

For the reasons discussed above, Plaintiff has not stated a claim against any of the defendants under federal law. Therefore, the Court dismisses Plaintiff's federal claims with

---

[62] *See id.* at 587 (noting that judicial economy would have been better served by dismissal from federal court where discovery had not been completed and the litigation was at a relatively early stage).

[63] *See id.* (finding no undue inconvenience to the parties where little new legal research would be necessary as a result of dismissal and where remaining claims would be governed by state law in either federal or state forum).

[64] *Id.* (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 122 n.32 (1984)).

[65] *Id.* at 588.

[66] *See* 28 U.S.C. § 1367(d); *Artis v. District of Columbia*, 138 S. Ct. 594, 598 (2018).

[67] *Id.* (citing *Waste Sys. v. Clean Land Air Water Corp.*, 683 F.2d 927, 931 (5th Cir. 1982)).

prejudice. Additionally, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Ignatius Barreca Jr., David Barreca Sr., and Josephine Broadwater's "Motion to Dismiss Pursuant to Rule 12(b)(6) and 12(b)(1)"[68] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's federal claims are **DISMISSED WITH PREJUDICE.** Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE.**

**NEW ORLEANS, LOUISIANA**, this  27th  day of January, 2021.

_____
 **NANNETTE JOLIVETTE BROWN
 CHIEF JUDGE
 UNITED STATES DISTRICT JUDGE**

---

[68] Rec. Doc. 20.